FILED
U.S. District Court
District of Kansas

APR -2 2026

Clerk, U.S. District Court
By _JRoad_ _____Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                        Case No. 6:25-cr-10137-JWB

DAVID L. MONGEAU,

          Defendant.

### PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Lanny D. Welch, and David L. Mongeau, the defendant, personally and by and through defendant's counsel, Christopher Joseph, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**   The defendant agrees to plead guilty to Counts 2 and 3 of the Indictment charging violations of Title 18, United States Code, § 1014, that is, False Statements Related to Crop Insurance, as to Count 2 and of Title 18, United States Code, §§ 1344 and 1349, that is Bank Fraud/Attempted Bank Fraud, as to Count 3. By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of them. The defendant understands that the maximum sentence which may be imposed as to Counts 2 and 3 of the Indictment, to which the defendant has agreed to plead guilty, is not more than 30 years in prison, a $1,000,000 fine, not more than 5 years of supervised release, restitution and a $100 mandatory special assessment.

1

2.   **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the

offenses to which the defendant is pleading guilty are as follows:

**Count 2:**  In 2017-20, David L. MONGEAU, the defendant, had a farming operation in western Kansas which did business under the name Mongeau Enterprises LLC. In 2019, MONGEAU obtained crop insurance through the Federal Crop Insurance Program (FCIP), a government corporation administered by the U.S. Department of Agriculture and the Federal Crop Insurance Corporation. The crop insurance policy obtained by MONGEAU through the FCIP was subsidized by the federal government. On January 15, 2020, MONGEAU submitted a claim for loss where he stated he had suffered a loss of a portion of his corn crop in Rooks County, Kansas, due to hail and excess wind. However, MONGEAU failed to disclose to the FCIP he had sold more than 33,000 bushels of this corn to agricultural commodity traders. This included corn for which he had filed a crop insurance claim. Because of his false claim of loss, MONGEAU received an overpayment of $132,970.00 to which he was not entitled and which he knew was the result of false statements made to the FCIP when he submitted his claim of loss.

**Count 3:**  Prior to May 7, 2018, David L. MONGEAU, and Mongeau Enterprises LLC, obtained farm loans from the First National Bank of Syracuse (First National now d/b/a Dream First Bank of Garden City) branch located in Garden City, Kansas. In addition to farming, during the period he obtained loans from First National, the defendant was employed as a loan officer with a different bank in Garden City, Kansas. From the loan documents which covered his loans and through his employment as a bank loan officer, MONGEAU was aware of his obligations to notify First National prior to disposing of any bank collateral. During the period that MONGEAU had loans with First National Bank of Syracuse (First National), the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

To secure these loans, MONGEAU pledged as collateral numerous pieces of farm equipment and the crops he grew as part of his farming operation. One piece of farm equipment which the defendant included as collateral for these loans was a 2005 John Deere 1770 NT 16 Row Planter which was valued on the list of collateral at $50,000.00. Despite pledging the John Deere Planter as collateral, MONGEAU traded it for credit towards the purchase of a new Great Plains 24 Row Yield Pro YP-2425 Planter and a Surefire Ag Double Shot fertilizer system with a combined value of $246,000.00. During this period MONGEAU disposed of additional equipment and crops which served as collateral for his loans and he failed

2

to notify First National that he did so. As a result, First National did not know the Planter, and other collateral, was no longer available to offset potential losses for the bank. MONGEAU defrauded First National, or attempted to defraud First National, by failing to notify First National he was disposing of collateral. The bank suffered losses on these loans.

3.    **Application of the Sentencing Guidelines.**    The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

4.    **Relevant Conduct.**    The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.    To not file additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

    b.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater,

3

the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty; and

c.      To request a sentence at the low end of the sentencing guideline range determined to be appropriate by the Court. The defendant will be free to request a sentence below the sentencing guideline range. The parties understand these agreements bind the parties only and they do not bind the Court.

The government's obligation concerning its agreements listed in ¶ 5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred.  The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings.  The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence

410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6.     **Sentence to be Determined by the Court.**   The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7.     **Withdrawal of Plea Not Permitted.**   The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8.     **Payment of Special Assessment.**   The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.  The burden of establishing an inability to pay the required special assessment lies with the defendant.

9.     **Restitution.**  The defendant agrees and consents to pay full restitution, pursuant to 18 U.S.C. § 3663(a)(3), for all losses resulting from his criminal conduct charged in all counts of the Indictment, including the counts to be dismissed at the time of sentencing.

10.     **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence

imposed which is within the guideline range determined appropriate by the court. However, the defendant retains the right to appeal if the Court imposes a sentence above the high end of the guideline range. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.    **Waiver of FOIA Request.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12.    **Waiver of Claim for Attorney's Fees.**    The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13.    **Full Disclosure by the United States.**    The defendant understands the United States will provide to the court and the United States Probation Office all information it deems

6

relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offenses and to make recommendations to the court and the United States Probation Office.

14.     **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.     **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and

voluntarily.

_____          Date:___4/2/2026___
Lanny D. Welch
Assistant U.S. Attorney

_____          Date:___4/2/26___
Katherine Andrusak
Deputy Criminal Chief

_____          Date:___4-2-26___
David L. Mongeau
Defendant

_____          Date:___4-2-26___
Christopher Joseph
Attorney for Defendant